1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM MOEN,

                Petitioner,

    v.

LEESA MANION, PROSECUTING
ATTORNEY, KING COUNTY

CASE NO. 2:23-cv-01732-RAJ-BAT

**REPORT AND
RECOMMENDATION**

Petitioner, William Moen, is a pre-trial detainee facing state criminal charges that are pending in King County Superior Court. According to the records of the King County Detention Center, Petitioner was booked into the detention center on August 3, 2023, and is pending trial for Child Molestation in the First Degree, in King County case number 21-1-06246-9-SEA.[1]

On November 13, 2024, Petitioner submitted a *pro se* "Writ of Habeas Corpus Ad Testicandum Order To Show Cause and Writ of Certiorari," a "Proposed Motion to Show Cause," and "Proposed Notice of Writ of Habeas Corpus." Dkt. 1 and 5. Under Rule 4 of the Rules Governing § 2254 cases, the Court must conduct a preliminary review of a federal habeas petition. The Court should dismiss a habeas petition before the Respondent is ordered to file a

---

[1] *See* King County Jail at  https://dajd-jms.powerappsportals.us/public/subject-lookup/ (last accessed December 1, 2023).

response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

The Court, having reviewed the habeas petition pursuant to Rule 4 of the Rules Governing § 2254 and §2241 cases, recommends the habeas petition be **DISMISSED WITHOUT PREJUDICE** as it plainly appears from the face of the habeas petition that Petitioner is not entitled to relief.

## DISCUSSION

In his habeas petition Petitioner states he seeks to "remove" to this court his pending criminal charges in King County case number 21-1-06246-9-SEA. Dkt. 5 at 2. As grounds, Petitioner contends the King County Prosecuting Attorney, Leesa Manion, has violated his Fifth Amendment rights to "an untainted Grand and/or Trial Jury," and the "inalienable right to be heard in a common law court" all in violation of Articles III, V and VI of the United States Constitution. *Id.*

Petitioner avers he is presenting a "non-statutory writ of habeas corpus, that the requirement a court filing fee is required constitutes extortion, and that the denial of a habeas petition is denial of due process and treason. *Id.* at 3. Petitioner contends this Court should immediately grant his writ of habeas corpus, order his immediate release from state criminal custody and order Respondent, the King County Prosecuting Attorney, to show cause why relief should not be granted. *Id*. at 5.

Because Petitioner proceeds *pro se*, the Court considers his pleadings requesting federal habeas relief under both 28 U.S.C. § 2254 and § 2241. If habeas relief is sought under § 2254 the

1    Court may consider the merits of a habeas petition only if Petitioner can show that his state

2    criminal judgment and conviction violate his federal constitutional rights and only after he has

3    fully and fairly presented the alleged violations to the Washington State Supreme Court. *See*

4    *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Davis v. Silva*, 511 F.3d 1005, 1008

5    (9th Cir. 2008) (habeas relief not available where petitioner has not appealed his federal

6    constitutional violations to the highest state court). Full and fair presentation of claims to the

7    state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-*

8    *Reyes*, 504 U.S. 1, 8 (1992).

9        In essence, a § 2254 federal habeas petition allows a federal court to provide a state

10   prisoner with ***post-conviction*** collateral relief. Section 2254 habeas relief is not available here

11   because Petitioner has not yet been convicted or sentenced in King County Superior Court, and,

12   even if he had been, he has not yet sought review of his conviction or sentence in the state courts.

13   *See Davis*, 511 F.3d at 1008 (habeas relief not available where petitioner has not appealed his

14   federal constitutional violations to the highest state court).

15       Even assuming Petitioner was convicted and sentenced since this petition was filed on

16   November 13, 2023), the petition would be premature because he has not yet presented any of

17   his federal claims to the highest state court via a direct appeal or by filing a state post-conviction

18   petition for collateral relief. *See* 28 U.S.C. § 2254(b) and *Rose v. Lundy*, 455 U.S. 509, 515

19   (1982) (A federal court may not consider the merits of a state prisoner's petition for a writ of

20   habeas corpus unless the prisoner has first exhausted his available state court remedies).

21       Accordingly, the Court concludes there is no basis to grant federal habeas relief under §

22   2254 at this point and the §2254 habeas petition should be dismissed without prejudice.

23

REPORT AND RECOMMENDATION - 3

Turning to 28 U.S.C. § 2241, a federal court will normally construe a federal habeas petition filed by a prisoner in pretrial detention under § 2241. *See White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004). A federal court, however, must normally abstain from interfering in a pending state criminal prosecution under *Carden v. Montana*, 626 F.2d 82, 83-84 (1980), cert. denied, 449 U.S. 1014 (1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The *Younger* abstention doctrine is based on principles of equity and comity. *Younger*, 401 U.S. at 43-54. The equitable principle involved is that federal courts should refrain from exercising their equitable powers when a movant has an adequate remedy at law. *Id.* Notions of comity require the federal government to let states be "free to perform their separate functions in their separate ways." *Id.* at 44. The Ninth Circuit applies a four-part test to determine application of *Younger* abstention:

> We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Federal courts do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

All of the *Younger* criteria are satisfied here. First, Petitioner was booked into the King County jail in August 2023 and challenges the state criminal charges that are pending against him in King County Superior Court. Second, the state proceedings that Petitioner challenges involve a criminal prosecution and therefore implicate important state interests. *See Kelly v.*

REPORT AND RECOMMENDATION - 4

1   *Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to

2   allege facts showing he has been denied an adequate opportunity to address the alleged

3   constitutional violations in the state court proceedings. Lastly, Petitioner raises claims that would

4   effectively enjoin the ongoing state judicial proceeding.

5       Additionally, Petitioner has not shown bad faith, harassment, or some other extraordinary

6   circumstance that would warrant federal intervention before his criminal proceedings and any

7   appeal is completed. The Court notes for instance the habeas petition reflects that the criminal

8   charges Petitioner challenges were filed this year and there is no indication Petitioner has

9   languished in the state courts for an impermissibly lengthy period of time.

10      The Court also notes Petitioner's habeas petition raises challenges regarding the law

11  applicable to his state criminal prosecution. For instance, Petitioner raises a Fifth Amendment

12  Grand Jury Indictment claim asking, "Was there a Grand Jury Indictment"? Dkt. 5 at 7. The

13  claim lacks merit because it has long been settled that there is no denial of Federal Constitutional

14  rights involved in the substitution of the prosecuting attorney's criminal information for the

15  grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884)

16  (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of

17  the Fourteenth Amendment for a state to prosecute a defendant by criminal information).

18      For the foregoing reasons, the Court should abstain and dismiss § 2241 habeas relief

19  without prejudice. The alleged constitutional violations that Petitioner claims have occurred are

20  matters that can and should be addressed in the first instance by the trial court, and then by the

21  state appellate courts, before Petitioner seeks a federal writ of habeas corpus.

22

23

REPORT AND RECOMMENDATION - 5

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree petitioner's claims are premature as he has not yet been convicted and has not yet exhausted his claims in the state courts. Additionally, no reasonable jurist would disagree that a federal court should abstain from interfering with petitioner's pending criminal charges and dismiss the case as petitioner requests. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Any objections Petitioner wishes to file to this recommendation must be filed no later than **December 29, 2023.** The Clerk shall note the matter for **December 29, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

REPORT AND RECOMMENDATION - 6

1    DATED this 5th day of December, 2023.

2

3    _____

4    BRIAN A. TSUCHIDA
     United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23